Per Curiam.
 

 Respondent was admitted to practice by this Court in 1983. In 1984, he was admitted to practice in Connecticut, where he currently lists a business address with the Office of Court Administration.
 

 As the result of, among other things, respondent’s diversion of estate assets during his service as an estate executor in Connecticut, respondent resigned from the practice of law in Connecticut and pleaded guilty to one count of mail fraud in violation of 18 USC § 1341 in October 2015. Respondent’s plea agreement was accepted by the United States District Court foi; the District of Connecticut and, by judgment filed January 13, 2016, he was sentenced to 45 months in prison and ordered to make restitution in the amount of $1,888,986.87. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has therefore moved, by order to show cause marked returnable September 18, 2017, to impose discipline upon respondent pursuant to Judiciary Law § 90 (4) and Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12. In his response, respondent did not oppose this motion; however, he subsequently filed a cross application seeking to resign from the New York bar while the disciplinary proceeding is pending (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.10). AGC advised that it does not oppose respondent’s cross application and requested that it be granted with an order removing respondent from the practice of law in this State by order of disbarment.
 

 Respondent’s cross application is granted. His duly sworn affidavit complies with Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10 in that respondent, among other things, acknowledges that he is currently the subject of a disciplinary proceeding and that he cannot successfully defend himself against the allegations of professional misconduct set forth by AGC. Respondent also acknowledges the order of restitution that was entered upon his federal felony conviction and advises that his resignation is given freely and voluntarily, without coercion or duress, and with full awareness of the consequences. Inasmuch as respondent’s resignation application is compliant with the required formalities and AGC raises no opposition (see Matter of Burns, 152 AD3d 109, 111 [2017]), we conclude that respondent’s cross application to resign is granted and, effective immediately, respondent is disbarred, with his name stricken from the roll of attorneys and counselors-at-law. Finally, given this result, AGC’s motion to impose discipline is dismissed, as academic.
 

 McCarthy, J.P., Egan Jr., Lynch, Devine and Pritzker, JJ., concur.
 

 Ordered that the motion of the Attorney Grievance Committee for the Third Judicial Department to impose discipline is dismissed, as academic; and it is further ordered that respondent’s cross application to resign as an attorney and counselor of law while the proceeding is pending pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10 is granted; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further ordered that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further ordered that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to him.