■ In the Matter of PAUL S. BIALOBRZESKI, an Attorney. [65 NYS3d 599]—

Per Curiam. On January 25, 2012, the Superior Court of Connecticut for the Judicial District of Waterbury accepted respondent's resignation and waiver in accordance with Connecticut Practice Book § 2-52, which permits an attorney who is the subject of disciplinary proceedings "to submit his or her resignation from the bar with or without the waiver of right to apply for readmission to the bar at any time in the future." Respondent thereafter failed to notify this Court of his disciplinary resignation within 30 days as required by Rules of the Appellate Division, Third Department (22 NYCRR) former

§ 806.19 (b) (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [d]). Accordingly, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves for an order imposing discipline in this state by reason of respondent's disciplinary resignation in Connecticut (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13).* Respondent has filed a response in which he admits the underlying conduct and does not oppose AGC's motion. The parties have also been heard at oral argument.

Because respondent does not present any of the defenses available to him pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (b) and does not oppose the imposition of discipline, we grant AGC's motion and turn to the issue of the appropriate disciplinary sanction (*see Matter of Aquia*, 153 AD3d 1082, 1083 [2017]). We have held that a resignation in a foreign jurisdiction is "tantamount to a disciplinary resignation in this state" (*Matter of Vega*, 147 AD3d 1196, 1198 [2017]; *see Matter of Calisi*, 119 AD3d 1317, 1317 [2014]). Had respondent taken the same action and resigned while disciplinary charges were pending against him in New York, the result would be the entry of an order by this Court disbarring respondent (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.10 [a] [1]; *see Matter of Clark*, 154 AD3d 1269, 1270 [2017]). Accordingly, upon consideration of all the facts and circumstances, we conclude that, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, respondent should be disbarred in this state.

Peters, P.J., Egan Jr., Clark and Rumsey, JJ., concur. Ordered that the motion of the Attorney Grievance Committee for the Third Judicial Department to impose discipline is granted; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York; either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public author-

---

* Additionally, respondent is currently delinquent in this state with respect to his biennial attorney registration obligation (*see* Judiciary Law § 468-a [5]; *Matter of Cluff*, 148 AD3d 1346, 1346 [2017]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]; Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [h]).

ity, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further ordered that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15); and it is further ordered that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to him.