Per Curiam.
 

 Respondent has submitted an affidavit in support of his application to resign as an attorney and counselor-at-law pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10. Respondent acknowledges in his affidavit that he is the subject of an investigation by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC), which investigation includes allegations concerning the neglect of client matters, the failure to return client retainers and escrow account violations. Respondent concedes that he cannot successfully defend himself against these allegations. Respondent further acknowledges that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress by anyone, and that he is fully aware of the implications of submitting his resignation, including that the Court’s acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (2).
 

 Because AGC’s investigation includes allegations that respondent has misapplied money in the practice of law, respondent further avers that AGC has identified those clients who are owed monies and the amounts they are owed. In connection with these obligations, respondent has submitted evidence that he has made the appropriate monetary restitution to those clients. Respondent also acknowledges that his resignation is submitted subject to any future application that may be made by AGC for an order, pursuant to Judiciary Law § 90 (6-a), directing that he make restitution or reimburse the Lawyers’ Fund for Client Protection, and that he consents to the Court’s continuing jurisdiction to make such an order.
 

 Respondent further acknowledges and agrees that, pending the issuance of this order accepting his resignation, he would not undertake to represent any new clients or accept any retainers for future legal services to be rendered. Moreover, respondent states that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them. Lastly, respondent acknowledges that, in the event that the Court accepts his resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned charges and allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90 (10). AGC has submitted papers in response, offering no opposition to respondent’s application and requesting that respondent’s name be stricken from the roll of attorneys and counselors-at-law by order of disbarment. Inasmuch as respondent’s application to resign complies with the requirements of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10, the application is granted and, effective immediately, respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.
 

 Lynch, J.R, Devine, Mulvey, Aarons and Pritzker, JJ., concur.
 

 Ordered that the application of respondent to resign as an attorney and counselor-at-law is granted and his disciplinary resignation is accepted; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further ordered that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).