Matter of Canney (2018 NY Slip Op 07029)





Matter of Canney


2018 NY Slip Op 07029


Decided on October 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 18, 2018


[*1]In the Matter of JOHN RICHARD CANNEY III, an Attorney. 
 (Attorney Registration No. 5143292)

Calendar Date: September 24, 2018

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Aarons, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael G. Gaynor of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Downs Rachlin Martin PLLC, Burlington, Vermont (Tristram J. Coffin of counsel), for respondent.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 2013. He lists a business address with the Office of Court Administration in Vermont, where he was admitted in 1979.
In May 2017, respondent was suspended from the practice of law by the Supreme Court of Vermont upon his plea of guilty before the US District Court for the District of Vermont to two felony counts of willfully filing false individual and corporate tax returns (see 26 USC § 7206 [1])[FN1]. Respondent thereafter
submitted an affidavit of resignation from the Vermont bar, which application was accepted, and respondent was disbarred in Vermont upon his consent, nunc pro tunc to May 30, 2017, the date he had been placed on interim suspension.[FN2]
Now, by order to show cause marked returnable September 24, 2018, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) moves this Court to impose discipline upon respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 based upon the discipline imposed in Vermont. In response, respondent does not contest AGC's motion.
Respondent's lack of opposition to AGC's motion results in the waiver of his available defenses (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]) and, accordingly, we grant AGC's motion. Turning to the issue of the appropriate disciplinary sanction, we note that a resignation in a foreign jurisdiction is "tantamount to a disciplinary resignation in this state" (Matter of Vega, 147 AD3d 1196, 1198 [2017]) and "[h]ad respondent taken the same action and resigned while disciplinary charges were pending against him in New York, the result would be [disbarment]" (Matter of Bialobrzeski, 155 AD3d 1427, 1428 [2017]). Accordingly, given these factors, and considering all the relevant circumstances presented herein, we conclude that, in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, respondent should be disbarred from the practice of law in this state.
Egan Jr., J.P., Lynch, Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: We note that we have previously deemed this federal felony to be a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) (see Matter of Kremner, 123 AD3d 1219 [2014]).

Footnote 2: Although the Attorney Grievance Committee for the Third Judicial Department acknowledges that respondent supplied notice of his conviction of the federal felonies, respondent nevertheless failed to notify this Court within 30 days that he had been suspended and then disbarred in Vermont (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [d]).