Matter of Dowgier (2019 NY Slip Op 02205)





Matter of Dowgier


2019 NY Slip Op 02205


Decided on March 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 21, 2019

[*1]
In the Matter of LESZEK DOWGIER, an Attorney.
 
(Attorney Registration No. 5267786) 

Calendar Date: February 11, 2019




Before: Garry, P.J., Egan Jr., Lynch, Clark and Mulvey, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Marvin Ray Raskin, New York City, for respondent.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 2014, after previously being admitted in his home jurisdiction of New Jersey in 2011. In May 2018, respondent was reprimanded by the Supreme Court of New Jersey (Matter of Dowgier, 233 NJ 291, 184 A3d 488 [2018]) as a result of his conviction for driving a motor vehicle while under the influence of alcohol (see NJSA 39:4-50 [a]) and his conditional guilty plea for third-degree eluding a police officer (see NJSA 2C:29-2b). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 as a consequence of the finding of misconduct in New Jersey.
In his response to AGC's motion, respondent consents to the imposition of discipline based upon his New Jersey reprimand and presents us with certain factors to consider in mitigation of his misconduct. Accordingly, we find that respondent's misconduct has been established, and we turn our attention to the issue of the appropriate disciplinary sanction (see Matter of Bialobrzeski, 155 AD3d 1427, 1428 [2017]).
In aggravation of respondent's established misconduct, we note that this is his second conviction in New Jersey for driving a motor vehicle while under the influence of alcohol (see ABA Standards for Imposing Lawyer Discipline § 9.22 [c]). Moreover, the record before us reveals that respondent's blood alcohol content at the time of his arrest was characterized as "exceptionally high." Finally, we note the criminal nature of respondent's misconduct as a factor in aggravation (see ABA Standards for Imposing Lawyer Discipline § 9.22 [k]).
In mitigation, we take into account the fact that respondent has taken meaningful steps to address his struggles with alcoholism, including his successful participation in an outpatient program following his arrest and his continued sobriety for a three-year period (see ABA Standards for Imposing Lawyer Discipline § 9.32 [i]). We further consider that respondent has no prior disciplinary record other than the reprimand in New Jersey underlying this proceeding, and he has cooperated with disciplinary authorities in New Jersey and in this state (see ABA Standards for Imposing Lawyer Discipline § 9.32 [a], [e]). Finally, we take note of respondent's [*2]remorse for his misconduct and his assurances that he will continue his rehabilitative efforts (see ABA Standards for Imposing Lawyer Discipline § 9.32 [l]).
Having considered the relevant factors, including "the nature of the misconduct, aggravating and mitigating circumstances" and the applicable ABA Standards for Imposing Lawyer Discipline, we find that a similar sanction to the reprimand imposed in New Jersey is appropriate (see Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8 [b] [2]). Accordingly, for the reasons discussed above, and in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we grant AGC's motion and censure respondent.
Garry, P.J., Egan Jr., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is censured.