Matter of Germano (2019 NY Slip Op 04262)





Matter of Nolegermano


2019 NY Slip Op 04262


Decided on May 30, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 30, 2019

[*1]
In the Matter of MICHAEL NOLE GERMANO, a Suspended Attorney. 

(Attorney Registration No. 4090411)

Calendar Date: May 20, 2019

Before: Garry, P.J., Mulvey, Devine, Aarons and Pritzker, JJ.


Michael Nole Germano, Monument, Colorado, respondent
pro se.
Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.



MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 2002 and presently resides in Colorado, where he was admitted in 2007. By May 16, 2019 order of this Court, respondent was indefinitely suspended from the practice of law in this state upon the presentation of uncontroverted evidence by the Attorney Grievance Committee for the Third Judicial Department that he had engaged in professional misconduct due to his repeated failure to comply with his biennial registration obligations in this state (Matter of Attorneys in Violation of Judiciary Law § 468-a, ___ AD3d ___, 2019 NY Slip Op 03883 [2019]). Respondent now applies to resign from the New York bar pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10, and the Attorney Grievance Committee for the Third Judicial Department advises that it has no objection to the application.
An attorney may resign from the practice of law in the face of a disciplinary investigation or proceeding provided that he or she acknowledges the nature of the charges or allegations at issue and attests that he or she cannot successfully defend against same (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.10 [a] [2]). Further, the resigning attorney must attest that his or her resignation is given voluntarily and without coercion or duress, and that the attorney is fully aware of the consequences of the resignation, including that the resulting determination of the Court will include an order of disbarment (see Matter of Bartman, 156 AD3d 1213, 1214 [2017]; Matter of Clark, 154 AD3d 1269, 1270 [2017]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.10 [a] [1]).
In the instant matter, respondent appropriately completed the requisite form affidavit (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix A), wherein he acknowledges that he has engaged in misconduct due to his failure to fulfill his biennial registration obligations (see Judiciary Law § 468-a [5]; Matter of Attorneys in Violation of Judiciary Law § 468—a, 113 AD3d 1020, 1021 [2014]; Matter of Arms, 251 AD2d 743, 743—744 [1998]; Rules of Chief Admin of Cts [22 NYCRR] § 118.1 [h]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). He further acknowledges that his resignation is [*2]entered into freely, without coercion or duress, and he also indicates his understanding that, upon the Court accepting his resignation, it will issue an order of disbarment. We accordingly grant respondent's application and accept his resignation.
Garry, P.J., Mulvey, Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the application of respondent to resign as an attorney and counselor-at-law is granted and his disciplinary resignation is accepted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).