Matter of Stacy (2020 NY Slip Op 04434)





Matter of Stacy


2020 NY Slip Op 04434


Decided on August 6, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 6, 2020

PM-102-20

[*1]In the Matter of Noah Stacy, an Attorney. (Attorney Registration No. 4828406.)

Calendar Date: July 6, 2020

Before: Garry, P.J., Lynch, Clark, Devine and Reynolds Fitzgerald, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan, of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Noah Stacy, Hamilton, Ohio, respondent pro se.



Per Curiam.
Respondent was admitted to practice by this Court in 2010 and was subsequently admitted to practice in Ohio in 2014. In December 2015, respondent pleaded guilty in the Court of Common Pleas, Franklin County, Ohio Criminal Division to the crime of pandering sexually oriented matter involving a minor, a second-degree felony in Ohio (see Ohio Revised Code § 2907.322). Based on his criminal conviction, the Ohio Board of Professional Conduct filed a certified copy of the judgment against respondent with the Supreme Court of Ohio. Thereafter, in February 2016, the Court suspended respondent from the practice of law on an interim basis and referred the matter to Ohio disciplinary counsel for investigation and the commencement of disciplinary proceedings. In March 2016, Ohio disciplinary counsel filed a complaint against respondent alleging that his criminal conduct constituted misconduct in that state in violation of Ohio Rules of Professional Conduct, rule 8.4 (h). In April 2016, respondent submitted an answer to the disciplinary charges, admitting the entirety of the allegations set forth in the complaint against him, including that he had downloaded and possessed child pornography. In the face of these disciplinary charges, respondent tendered his resignation from the Ohio bar in September 2016. In October 2016, the Supreme Court of Ohio accepted respondent's resignation with disciplinary action pending and permanently removed his name from the roll of attorneys in that state.[FN1]
The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves, pursuant to Judiciary Law § 90 (4) (a) and (b) and Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12 (c) (1), to strike respondent's name from the roll of attorneys in this state due to his felony conviction. Alternatively, AGC moves, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13, to impose discipline upon respondent in this state based upon his misconduct and resulting disciplinary resignation in Ohio. In response to the motion, respondent cross-moves to resign while disciplinary charges are pending pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10. AGC has not submitted any opposition to the cross motion.
Turning first to that part of AGC's motion asking this Court to disbar respondent based upon his felony conviction in Ohio, we note that, pursuant to Judiciary Law § 90 (4) (a), "[a]ny person being an attorney and [counselor]-at-law who shall be convicted of a felony as defined in [Judiciary Law § 90 (4) (e)], shall upon such conviction, cease to be an attorney and [counselor]-at-law." Felony offenses that suffice for automatic disbarment pursuant to Judiciary Law § 90 (4) (a) include "any criminal offense committed in any other state . . . or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state" (Judiciary Law § 90 [4] [e]). In determining whether the foreign felony conviction is an appropriate predicate felony for automatic disbarment, we must determine that the two felonies at issue are "essentially similar," which necessitates comparing the express language of the statutes and paying mind to any applicable past precedent (Matter of Percoco, 171 AD3d 1450, 1451 [2019]; see Matter of Hand, 164 AD3d 1006, 1007-1008 [2018]). We may also consider certain records from a respondent's proceedings before the foreign jurisdiction's judicial forum as part of our determination (see Matter of Vitayanon, 173 AD3d 1331, 1332 [2019]; Matter of Hand, 164 AD3d at 1008).
AGC asks this Court to strike respondent's name from the roll of attorneys based upon his conviction of pandering sexually oriented matter involving a minor or impaired person (see Ohio Revised Code § 2907.322), which, it contends, is essentially similar to possessing child pornography, a class E felony (see Penal Law § 263.16). Pursuant to Ohio Revised Code § 2907.322 (A) (5), a person is guilty of pandering sexually oriented material involving a minor or impaired person when he or she "[k]nowingly solicit[s], receive[s], purchase[s], exchange[s], possess[es], or control[s] any material that shows a minor or impaired person participating or engaging in sexual activity, masturbation, or bestiality." In comparison, pursuant to Penal Law § 263.16, "[a] person is guilty of possessing a sexual performance by a child when, knowing the character and content thereof, he [or she] knowingly has in his [or her] possession or control, or knowingly accesses with intent to view, any performance which includes sexual conduct by a child less than sixteen years of age." It is evident that both statutes seek to proscribe the possession of child pornography; however, there is a notable difference between the statutes and the proof required for conviction (see Matter of Johnston, 75 NY2d 403, 410 [1990]). Specifically, for purposes of the relevant statute, Ohio defines a minor as "a person under the age of [18]" (Ohio Revised Code § 2907.01 [M]). In contrast, Penal Law § 236.16 requires that the victim depicted in the material be under the age of 16. As such, we find that the statutes are not essentially similar on their face (see Matter of Park, 95 AD3d 1648, 1649 [2012]). Further, looking beyond the plain language of the statute to the records of respondent's Ohio proceedings provided to us in this matter, we find that there is insufficient information concerning the age of the victims depicted in the material possessed for us to determine that respondent's actions would constitute a felony in this state (compare Matter of Serenbetz, 144 AD3d 21, 22 [2016]; Matter of Fisher, 131 AD3d 44, 46 [2015]; Matter of Lipton, 51 AD3d 207, 209 [2008]). Accordingly, we deny that part of AGC's motion and turn to respondent's cross motion to resign while disciplinary charges are pending.
"An attorney may resign from the practice of law in the face of a disciplinary investigation or proceeding provided that he or she acknowledges the nature of the charges or allegations at issue and attests that he or she cannot successfully defend against same" (Matter of Germano, 172 AD3d 1877, 1877 [2019] [citation omitted]). Further, the resigning attorney must attest to the voluntary nature of the proposed resignation and his or her understanding that, if the Court accepts the application, it would result in the attorney's disbarment (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.10 [a]).
As an initial matter, respondent's application is in the proper form provided for in Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10 and contains the required attestations in subsection (a). Specifically, he attests that he is submitting the application voluntarily, without coercion or duress, that he understands that his application will result in his disbarment and that he cannot successfully defend against the allegations of his misconduct (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.10 [a] [1], [2]). Further, respondent acknowledges that the charges against him are predicated on his felony conviction in Ohio and his subsequent resignation from the practice of law in Ohio while disciplinary action was pending. Finally, respondent acknowledges that, in the event that the Court accepts his resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned charges and allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90 (10). Accordingly, we find that respondent's application complies with the requirements of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10, accept his disciplinary resignation and, effective immediately, disbar him from the practice of law. Further, given this result, we dismiss the remainder of AGC's motion as academic (see Matter of Clark, 154 AD3d 1269, 1270 [2017]; see also Matter of Bristol, 94 AD3d 85, 88-89 [2012]).
Garry, P.J., Lynch, Clark, Devine and Reynolds Fitzgerald, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is denied in part and dismissed in part in accordance with the findings set forth in this order; and it is further
ORDERED that respondent's cross motion to resign as an attorney and counselor-at-law is granted and his disciplinary resignation is accepted;
ORDERED that respondent is disbarred and his name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).



Footnotes

Footnote 1: We note respondent's failure to report his felony conviction (see Judiciary Law § 90 [4] [c]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.12 [a]) and his interim suspension and subsequent disciplinary resignation to this Court and to the Attorney Grievance Committee for the Third Judicial Department (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [d]).