Matter of Freeman (2020 NY Slip Op 06441)





Matter of Freeman


2020 NY Slip Op 06441


Decided on November 12, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

PM-150-20

[*1]In the Matter of Robert J. Freeman, an Attorney. (Attorney Registration No.1452812.)

Calendar Date: September 21, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Reynolds Fitzgerald, JJ. 


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Robert J. Freeman, Delmar, respondent pro se.



Per Curiam.
Respondent was admitted to practice by this Court in 1974 and served as Executive Director of the New York State Committee on Open Government from 1976 into 2019. In June 2019, however, respondent was terminated from that position amidst an investigation by the Office of the Inspector General concerning his sexually inappropriate conduct with female colleagues and others. Those circumstances have also given rise to an investigation by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC). During the pendency of such investigation, respondent has applied for leave to resign pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10. AGC does not oppose respondent's motion.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10 (a), an application to resign under these circumstances must set forth the specific nature of the allegations underlying the investigation (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.10 [a]). The applicant must also attest to the voluntary nature of the proposed resignation, his or her understanding that the granting of such application would result in his or her disbarment, and his or her inability to "successfully defend against the charges or allegations of misconduct" (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.10 [a]).
Here, respondent attests that he is submitting the application voluntarily, without coercion or duress, that he understands that his application will result in his disbarment and concedes that he cannot successfully defend against the allegations of his misconduct (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.10 [a] [1], [2]). Although respondent's affidavit does not detail any specific incident of misconduct under investigation, his statement accurately describes the nature of his actions and provides general descriptions of the allegations against him (compare Matter of Steig, 144 AD3d 1313, 1313 [2016]). Notwithstanding his attempts to minimize his misconduct, respondent admits to having engaged in the actions underlying the investigation (compare Matter of Meagher, 178 AD3d 1351, 1352 [2019]). Finally, respondent acknowledges that, in the event that the Court accepts his resignation, the resulting order and the records and documents filed in relation to the aforementioned allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90 (10). As respondent's application is in the proper form and contains the required attestations as provided in Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10, we accept his disciplinary resignation and, effective immediately, disbar him from the practice of law and order his name to be stricken from the roll of attorneys and counselors-at-law (see Matter of Stacy, 186 AD3d 918, 921 [2020]; Matter of Germano, 172 AD3d 1877, 1877-1878 [2019], Matter of Hayes, 162 AD3d 1393, 1393-1394 [2018]; Matter of Bartman, 156 AD3d 1213, 1213-1214 [2017]).
Garry, P.J., Egan Jr., Mulvey, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that respondent's motion to resign as an attorney and counselor-at-law while the investigation of his conduct by the Attorney Grievance Committee for the Third Judicial Department is pending pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10 is granted;
ORDERED that respondent is disbarred and his name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).