Matter of Valandingham (2022 NY Slip Op 04698)

Matter of Valandingham

2022 NY Slip Op 04698

Decided on July 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 21, 2022

PM-136-22
[*1]In the Matter of Elizabeth Anne Valandingham, an Attorney. (Attorney Registration No. 4098034.)

Calendar Date:April 4, 2022

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Ceresia, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Elizabeth Anne Valandingham, Morristown, New Jersey, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2003 and formerly practiced in New Jersey, where she had been previously admitted to practice in 2002. By December 2021 order, the Supreme Court of New Jersey disbarred respondent in that state, upon her consent (Matter of Valandingham, 249 NJ 78 [2021]), based upon her April 2021 plea of guilty and conviction of the New Jersey crime of tampering with public records or information in the third degree (NJSA 2C:28-7 [a] [2]).
Accordingly, by order to show cause marked returnable April 4, 2022, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) moves for an order striking respondent's name from the roll of attorneys, nunc pro tunc to the date of her guilty plea in New Jersey, contending that this conviction constituted felonious conduct resulting in her automatic disbarment in this state (see Judiciary Law § 90 [4] [a], [b]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.12 [c] [1]; Rules of App Div, 3d Dept [22 NYCRR] § 806.12). In the alternative, AGC moves to impose discipline in this state based upon respondent's disbarment by consent in New Jersey (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13). Respondent opposes the motion, arguing that mitigating factors warrant a lesser sanction than disbarment.
Notably, "'an attorney convicted of a felony in a foreign jurisdiction that is essentially similar to a New York felony is automatically disbarred'" (Matter of Ferriero, 172 AD3d 1698, 1699 [2019] [brackets omitted], quoting Matter of Park, 95 AD3d 1648, 1648 [2012]; see Judiciary Law § 90 [4] [a], [e]). Upon review of the proof submitted in support of AGC's motion, we agree that respondent's conviction of the New Jersey crime of tampering with public records or information in the third degree (NJSA 2C:28-7 [a] [2])[FN1] is the equivalent of a New York felony (see Matter of Chianese, 269 AD2d 87, 89 [2000]) and, under the facts presented, is specifically analogous to the New York class D felony of tampering with public records in the first degree (Penal Law § 175.25),[FN2] so as to warrant her automatic disbarment in this state pursuant to Judiciary Law § 90 (4) (b) (see e.g. Matter of Meno, 175 AD3d 816, 817-818 [2019]; Matter of Hand, 164 AD3d 1006, 1008-1009 [2018]; Matter of Craft, 158 AD3d 887, 888-889 [2018]).[FN3] Given this conclusion, we grant that part of AGC's motion asking this Court to confirm respondent's disbarred status by striking her name from the roll of attorneys nunc pro tunc to April 13, 2021 (see Matter of Hand, 164 AD3d at 1009; Matter of Goncalves, 161 AD3d 1377, 1379 [2018]). Finally, inasmuch as respondent was already disbarred as a matter of law in April 2021, we dismiss as academic the remainder of AGC's motion seeking the imposition of discipline pursuant to Rules for Attorney Discipline Matters (22 NYCRR) § 1240.13 (see Matter of Stacy, 186 AD3d 918, 921 [2020]).
Egan Jr., J.P., Lynch, Clark, Pritzker and [*2]Ceresia, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted in part and dismissed in part in accordance with the findings set forth in this decision; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective nunc pro tunc to April 13, 2021; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).

Footnotes

Footnote 1: As is relevant herein, the New Jersey crime of tampering with public records or information in the third degree requires that the defendant, with the "purpose . . . to defraud" (NJSA 2C:28-7 [b]), "[m]akes, presents, offers for filing, or uses any record, document or thing knowing it to be false, and with [the] purpose that it be taken as a genuine part of information or records" (NJSA 2C:28-7 [a] [2]).

Footnote 2: Penal Law § 175.25 provides, in relevant part, that a defendant "is guilty of tampering with public records in the first degree when, knowing that he [or she] does not have the authority of anyone entitled to grant it, and with intent to defraud, he [or she] knowingly . . . makes a false entry in or falsely alters any record or other written instrument filed with, deposited in, or otherwise constituting a record of a public office or public servant."

Footnote 3: To the extent that respondent contends that her conviction in New Jersey is more analogous to the New York class A misdemeanor of tampering with public records in the second degree (Penal Law § 175.20), we cannot agree given that the New York misdemeanor does not similarly include the element of fraudulent intent or purpose present in both the New Jersey crime of tampering with public records or information in the third degree (NJSA 2C:28-7 [a] [2]) and the New York felony of tampering with public records in the first degree (Penal Law § 175.25; see generally William C. Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Penal Law § 175.20).