Matter of Berkenbusch (2022 NY Slip Op 06059)

Matter of Berkenbusch

2022 NY Slip Op 06059

Decided on October 27, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 27, 2022

PM-176-22
[*1]In the Matter of Kathrin Berkenbusch, a Suspended Attorney. (Attorney Registration No.4004370.)

Calendar Date:July 25, 2022

Before:Garry, P.J., Clark, Aarons, Pritzker and Ceresia, JJ.

Kathrin Berkenbusch, Berlin, Germany, respondent pro se.
Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent was admitted to practice by this Court in 2001 and presently resides in Berlin, Germany, where she has also been admitted to practice. By May 16, 2019 order of this Court, however, respondent was suspended from practice in New York upon AGC's presentation of uncontroverted evidence that she had engaged in professional misconduct due to her repeated failure to comply with her biennial registration obligations in this state from 2011 onward (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1711 [3d Dept 2019]). Respondent now applies to resign from the New York bar pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10, and the Attorney Grievance Committee for the Third Judicial Department advises that it has no objection to the application.
An attorney may resign from practice in the face of a disciplinary investigation or proceeding provided that he or she acknowledges the nature of the charges or allegations at issue and attests that he or she cannot successfully defend against same (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.10 [a] [2]). Further, the resigning attorney must attest that his or her resignation is given voluntarily and without coercion or duress, and that the attorney is fully aware of the consequences of the resignation, including that the resulting determination of the Court will include an order of disbarment (see Matter of Germano, 172 AD3d 1877, 1877 [3d Dept 2019]; Matter of Bartman, 156 AD3d 1213, 1214 [3d Dept 2017]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.10 [a] [1]).
In the instant matter, respondent appropriately completed the requisite form affidavit (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix A), wherein she acknowledges that she has engaged in misconduct due to her "[n]oncompliance with the attorney registration requirements of Judiciary Law § 468-a from 2011 onward."[FN1] She further acknowledges that her resignation is entered into freely, without coercion or duress, and she also indicates her "full awareness of the consequences" that, upon our acceptance of her resignation, an order of disbarment will be issued. We accordingly grant respondent's application and accept her resignation.
Garry, P.J., Clark, Aarons, Pritzker and Ceresia, JJ., concur.
ORDERED that the application of respondent to resign as an attorney and counselor-at-law is granted and her disciplinary resignation is accepted; and it is further
ORDERED that respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission [*2]or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).

Footnotes

Footnote 1: It is noted that respondent cured her longstanding registration delinquency in January 2022.