Matter of Attorneys in Violation of Judiciary Law § 468-a (Shannon) (2023 NY Slip Op 03285)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Shannon)

2023 NY Slip Op 03285

Decided on June 15, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 15, 2023

PM-130-23
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner, William Edward Shannon, Respondent, (Attorney Registration No. 2917714.)

Calendar Date:May 15, 2023

Before:Lynch, J.P., Clark, Pritzker, Fisher and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
William Edward Shannon, Manasquan, New Jersey, respondent pro se.

Per Curiam.
Respondent is a Connecticut attorney who was admitted to practice by this Court in 1998. Respondent ceased compliance with his statutory registration obligations in this state in 2004, however, and was consequently suspended from practice by this Court in 2014 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1051 [3d Dept 2014]; see Rules of Chief Admr of Cts [22 NCYRR] § 118.1 [g], [h]; Rules of Professional Conduct [22 NYCRR] rule 8.4 [d]). Respondent remains suspended, and noncompliant with his registration obligations, to date. By motion made returnable May 15, 2023, respondent now moves to resign while the disciplinary proceeding against him is pending. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) was heard in response by May 12, 2023 correspondence, wherein it does not oppose respondent's resignation.
"An attorney may resign from the practice of law in the face of a disciplinary investigation or proceeding provided that he or she acknowledges the nature of the charges or allegations at issue and attests that he or she cannot successfully defend against same" (Matter of Germano, 172 AD3d 1877, 1877 [3d Dept 2019]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.10 [a] [2]). "Further, the resigning attorney must attest that his or her resignation is given voluntarily and without coercion or duress, and that the attorney is fully aware of the consequences of the resignation, including that the resulting determination of the Court will include an order of disbarment" (Matter of Berkenbusch, 209 AD3d 1259, 1259 [3d Dept 2022] [citations omitted]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.10 [a] [1]).[FN1]
Here, respondent prepared a supporting affidavit consistent with the required form (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix A), wherein he admits that he has engaged in misconduct due to his failure to comply with Judiciary Law § 468-a. More specifically, respondent admits that he failed to fulfill his registration obligations and continuing legal education requirements in this state. Respondent similarly acknowledges that he was suspended in 2014 by this Court for failing to comply with his statutory registration obligations since 2004, and further avers that he cannot defend against the charges (see Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d at 1051). Respondent further attests that his resignation is given freely, voluntarily and without coercion or duress, and he also acknowledges that the resignation, if granted, will result in his disbarment and that his name will be stricken from the roll of attorneys and counselors-at-law in this state. Accordingly, we grant respondent's application and accept his resignation.
Lynch, J.P., Clark, Pritzker, Fisher and McShan, JJ. concur.
ORDERED that the application of respondent to resign as an attorney and counselor-at-law is granted and [*2]his disciplinary resignation is accepted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).

Footnotes

Footnote 1: While not applicable in this instance, it is noted that additional pleading requirements apply in the event the attorney seeking resignation in the face of a disciplinary investigation or proceeding is alleged to have willfully misappropriated or misapplied money or property in the practice of law (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.10 [b]).