Matter of Jones (2024 NY Slip Op 03861)

Matter of Jones

2024 NY Slip Op 03861

Decided on July 18, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 18, 2024

PM-139-24
[*1]In the Matter of E. Stewart Jones Jr., an Attorney. (Attorney Registration No. 1244037)

Calendar Date:April 25, 2024

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Fisher and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Dreyer Boyajian LLP, Albany (William J. Dreyer of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 1966 and was most recently a principal of E. Stewart Jones Hacker Murphy, LLP in the City of Troy, Rensselaer County. In January 2019, a dishonored check report was issued concerning an escrow account associated with respondent's former firm, E. Stewart Jones PLLC. An investigation by petitioner — including a seven-year audit of the relevant escrow account — ensued and, by petition of charges, petitioner has alleged nine charges of professional misconduct by respondent, including allegations of misappropriation of client funds, commingling, improper bookkeeping and other conduct in violation of 15 specific Rules of Professional Conduct. Respondent was heard in response to the petition by answer wherein respondent has admitted to engaging in all of the charged conduct. Accordingly, in lieu of filing statements of disputed/undisputed fact, the parties jointly requested that the matter be submitted to the Court for final disposition and the parties' have been heard on the issues of aggravation, mitigation and the sanction to be imposed in oral argument before us. However, respondent has since moved for leave to resign during the pendency of the disciplinary proceeding, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10. Petitioner was heard in response to respondent's application and opposes same, citing certain procedural deficiencies within the resignation motion.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10 (a), a respondent may apply to resign while a disciplinary investigation or proceeding is pending by application that (1) sets forth the specific nature of the charges; (2) includes an attestation of his or her inability to "successfully defend against the charges or allegations of misconduct"; (3) includes an attestation as to the voluntary nature of the proposed resignation; and (4) an attestation of his or her understanding that the granting of such application would result in his or her disbarment.
Here, although respondent's attestation as to the specific nature of the charges against him omits reference to certain specific charges, we find that respondent has adequately admitted to the entirety of the charged misconduct in prior filings with this Court — remedying any apparent deficiency in his current motion papers. Similarly, we find that respondent's failure to specifically list the names of affected persons whose money was willfully misappropriated, as well as the monetary amount of such misappropriations, is also cured by prior filings wherein respondent has admitted to the charged misconduct. Accordingly, given respondent's attestation that his resignation is tendered voluntarily and his acknowledgments that he cannot successfully defend against the charges and that he understands his resignation will result in an order of disbarment, we accept his disciplinary resignation and, effective immediately, disbar him from the practice [*2]of law and order his name to be stricken from the roll of attorneys and counselors at law (see Matter of Freeman, 188 AD3d 1412, 1413 [3d Dept 2020]; Matter of Hayes, 162 AD3d 1393, 1393-1394 [3d Dept 2018]; Matter of Bartman, 156 AD3d 1213, 1213-1214 [3d Dept 2017]).
Aarons, J.P., Reynolds Fitzgerald and McShan, JJ., concur.
Pritzker and Fisher, JJ. (dissenting).
We write separately as it is our opinion that this Court should reject respondent's application for leave to resign because we are not satisfied that respondent's resulting disbarment is justified under the facts presented.
While respondent's admitted professional misconduct involving multiple trust fund violations is undoubtedly serious, we are also presented with significant factors in mitigation. To that end, we note that respondent has sincerely expressed remorse, his actions lack selfish motives and he has fully cooperated with petitioner (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [b], [e]). Respondent also has repaid all client funds that he admitted to misappropriating. Perhaps most significantly, we note respondent's considerable contributions to the legal community as well as his philanthropic efforts throughout his lengthy professional career (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [g]). Moreover, in respondent's 58 years of practice in this state, he has had no prior discipline and is considered as "the gold standard for the local bar" by another prominent local lawyer who has submitted papers in support of respondent (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [a], [g]).
Given the foregoing, in view of the extraordinary circumstances presented in this case, it is our opinion that the sanction of public censure is warranted "in light of the nonvenal nature of the conduct and factors in mitigation" (Matter of Huston, 214 AD3d 138, 141 [1st Dept 2023]; see Matter of Lucere, 181 AD3d 113, 118 [2d Dept 2020]; Matter of Teig, 235 AD2d 626, 626-627 [3d Dept 1997]). In cases of professional misconduct, the primary purpose of a disciplinary sanction is "to protect the public, maintain the honor and integrity of the profession, or deter others from committing similar misconduct" (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]), and that purpose has been at the forefront of our minds in considering a proper and balanced sanction in this case. In this regard, once disbarred, respondent will no longer be able to serve the public in the role of attorney, which in our view is a great loss to the community at large. While we do not condone nor minimize the seriousness of respondent's conduct, when taking the mitigating factors into account in formulating a sanction, we see this as an opportunity not only to balance, but also acknowledge, reinforce and encourage the meaningful contributions some attorneys make to the legal community over the course of their careers, while at the same time holding the profession [*3]accountable to the public.
ORDERED that respondent's motion to resign as an attorney and counselor-at-law while the instant disciplinary proceeding is pending before this Court pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.10 is granted; and it is further
ORDERED that respondent is disbarred and his name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).