Matter of Welinder (2025 NY Slip Op 05558)

Matter of Welinder

2025 NY Slip Op 05558

Decided on October 9, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 9, 2025

PM-222-25
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Yana Welinder, Respondent. (Attorney Registration No. 4977260)

Calendar Date:October 6, 2025

Before:Garry, P.J., Reynolds Fitzgerald, Ceresia, Fisher and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Yana Welinder, San Francisco, California, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2011 and presently resides in California, where she is also admitted to practice, but inactive. By September 2022 order of this Court, however, we suspended respondent from practice in New York upon a motion by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) demonstrating uncontroverted evidence that respondent had engaged in professional misconduct due to her repeated failure to comply with her biennial registration obligations in this state (208 AD3d 1421, 1444 [3d Dept 2022]). Respondent now asks this Court to accept her disciplinary resignation, and AGC advises that it does not oppose respondent's motion.
In order to resign from practice in the face of a disciplinary investigation or proceeding, an attorney must submit an application consistent with appendix A of the Rules for Attorney Disciplinary Matters (22 NYCRR), part 1240. In so doing, the attorney must attest that the resignation is given voluntarily and without coercion or duress, and that the attorney is fully aware of the consequences of the resignation, including that the resulting determination of the Court will be an order of disbarment (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.10 [a] [1]; see e.g. Matter of Bartman, 156 AD3d 1213, 1214 [3d Dept 2017]). Likewise, the affidavit submitted by the attorney must acknowledge that he or she cannot successfully defend against the charges or allegations of misconduct (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.10 [a] [2]; see e.g. Matter of Clark, 154 AD3d 1269, 1270 [3d Dept 2017]).
Here, respondent appropriately submitted an affidavit consistent with appendix A, wherein she acknowledges that she is currently the subject of an investigation and resulting proceeding by AGC involving allegations of professional misconduct, specifically that she is noncompliant with the biennial registration requirements in New York, and that she cannot successfully defend against the allegations.[FN1] Respondent similarly attests that her resignation was entered into freely, without coercion or duress, and she also indicates her understanding that, upon this Court accepting her resignation, we will issue an order of disbarment. Accordingly, we grant respondent's motion and accept her resignation.
Garry, P.J., Reynolds Fitzgerald, Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the application of respondent to resign as an attorney and counselor-at-law is granted and her disciplinary resignation is accepted; and it is further
ORDERED that respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear [*2]as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15).

Footnotes

Footnote 1: Respondent's affidavit included various explanations for her longstanding biennial registration delinquency that prompted her suspension in this state, including her misunderstanding that, in self-certifying as "retired" from the practice of law for the 2017-2018 biennial period, she had no additional registration obligations, as well as her relocation. We take the opportunity to remind the Bar that, in self-certifying as retired in completing his or her biennial registration statement, a "retired" attorney is nonetheless required to continue to complete his or her registration statement on a biennial basis, an obligation which "extends to all attorneys admitted in New York, regardless of where they work or reside, and even applies to attorneys who have been suspended or who have retired from the practice of law altogether" (Matter of Attorneys in Violation of Judiciary Law § 468-a, 230 AD3d 1498, 1499 [3d Dept 2024]). In this vein, the biennial registration obligation continues unabated, and may only be terminated by the attorney's death, disbarment or formal resignation by order of this Court (see id.). Similarly, we remind the Bar that an attorney is obligated to file an amended registration statement with the Office of Court Administration within 30 days following the change of certain contact information, including home and business addresses (see Rules of Chief Admr of Cts [22 NYCRR] § 118.1 [e], [f]).