[766 NYS2d 545]

In the Matter of EDWARD B. SAMUELS (Admitted as EDWARD BARRY SAMUELS), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 25, 2003

**APPEARANCES OF COUNSEL**

*Raymond Vallejo* of counsel *(Thomas J. Cahill*, attorney), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Edward B. Samuels was admitted to the practice

of law in the State of New York by the First Judicial Department on March 3, 1975, under the name Edward Barry Samuels. At all times relevant herein, respondent maintained his principal place of business within this Judicial Department as a professor at New York Law School.

In an indictment filed on April 10, 2003, respondent was charged in Supreme Court, New York County, with 100 counts of possessing a sexual performance by a child in violation of Penal Law § 263.16, a class E felony. The indictment alleged that on or about June 3, 2002 and on or about August 13, 2002, respondent, knowing the character and content thereof, knowingly had in his possession and control a performance which included sexual conduct by a child less than 16 years of age. According to media accounts, when respondent brought his computer to school for technicians to repair, child pornography images were found.

On April 14, 2003, respondent pleaded guilty to all 100 counts of the indictment. On June 23, 2003, respondent was sentenced to six months imprisonment, 10 years probation and a $210 surcharge.

The Department Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b), on the ground that he has been automatically disbarred upon his conviction of a New York State felony, as defined by Judiciary Law § 90 (4) (e) (*Matter of Margiotta*, 60 NY2d 147 [1983]).

Respondent, though served, has not submitted a response to this petition and the forfeiture of his license to practice law was immediate upon entry of his guilty plea (Judiciary Law § 90 [4] [a]; *Matter of Ashdjian*, 287 AD2d 217 [2001]).

Accordingly, the petition should be granted, and respondent's name stricken from the roll of attorneys authorized to practice law in this state.

BUCKLEY, P.J., NARDELLI, WILLIAMS, MARLOW and GONZALEZ, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to April 14, 2003.