[854 NYS2d 735]

In the Matter of STEVEN LIPTON (Admitted as STEVEN ALAN LIPTON), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 25, 2008

**APPEARANCES OF COUNSEL**

*Gary L. Casella*, White Plains (*Matthew Lee-Renert* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

On June 5, 2007, the respondent pleaded guilty in the United States District Court for the Southern District of New York to one count of possession of child pornography transported in interstate or foreign commerce, a class C felony, in violation of 18 USC § 2252A (a) (5) (B). On September 26, 2007, he was sentenced to a term of imprisonment of 60 months, commencing on October 24, 2007, followed by three years of supervised release, and directed to pay a $15,000 fine and an assessment fee of $100.

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

18 USC § 2252A (a) (5) (B) is violated by: "Any person who . . . knowingly possesses any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported in interstate or foreign commerce." The elements of the offense include: (1) possession of child pornography, which is defined as visual depictions of minors engaging in sexually explicit conduct; (2) transportation of child pornography in interstate commerce, including by computer; (3) the defendant's knowledge that the child pornography depicted at least one minor who was an actual, rather than a virtually-created minor; and (4) the defendant's knowledge that he possessed child pornography. The respondent admitted that he "intentionally possessed images of child pornography that has been transmitted through the internet" in that he had obtained approximately 1,000 images that "depicted minors engaging in sexual activity." He acknowledged through his plea agreement that his offense involved "images of prepubescent minors."

A violation of 18 USC § 2252A (a) (5) (B) is essentially similar to the New York State felony of possessing a sexual performance by a child, in violation of Penal Law § 263.16, a class E felony (*see Matter of Samuels*, 309 AD2d 7 [2003]; *Matter of Kennedy*, 301 AD2d 742 [2003]). Penal Law § 263.16 provides that: "A person is guilty of possessing a sexual performance by a child when, knowing the character and content thereof, he knowingly has in his possession or control any performance which includes sexual conduct by a child less than sixteen years of age." Under Penal Law § 263.00 (4), "[p]erformance" is defined as "any play, motion picture, photograph or dance . . . any other visual representation exhibited before an audience."

Inasmuch as the respondent's conviction under 18 USC § 2252A (a) (5) (B) was, under the particular circumstances here, essentially similar to a conviction under Penal Law § 263.16, pursuant to Judiciary Law § 90 (4), the respondent ceased to be an attorney and counselor-at-law upon his conviction of this felony.

Accordingly, the Grievance Committee's motion to now strike the respondent's name from the roll of attorneys and counselors-at-law is granted, without opposition.

PRUDENTI, P.J., RIVERA, SPOLZINO, SKELOS and FISHER, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Steven Lipton, admitted as Steven Alan Lipton, is disbarred, effective September 26, 2007, and his name is now stricken from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, Steven Lipton, admitted as Steven Alan Lipton, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Steven Lipton, admitted as Steven Alan Lipton, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Steven Lipton, admitted as Steven Alan Lipton, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).