[904 NYS2d 915]

In the Matter of ROBERT R. GROEZINGER (Admitted as ROBERT REINHARD GROEZINGER), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 3, 2010

**APPEARANCES OF COUNSEL**

*Gary L. Casella*, White Plains (*Fredda Fixler-Fuchs* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

On July 14, 2009, the respondent pleaded guilty in the United States District Court for the Southern District of New York, before the Honorable Stephen C. Robinson, to the crime of possession of child pornography transported in interstate or foreign commerce, a class C felony, in violation of 18 USC § 2252A (a) (5) (B). On December 21, 2009, he was sentenced to a term of imprisonment of 57 months, followed by five years of supervised release, and directed to pay an assessment fee of $100.

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law, § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

18 USC § 2252A (a) (5) (B) is violated by: "[a]ny person who . . . knowingly possesses . . . any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported . . . in . . . interstate or foreign commerce." The elements of the offense include: (1) possession of child pornography, which is defined as visual depictions of minors engaging in sexually explicit conduct; (2) the transportation of the child pornography in interstate commerce by any means, including by computer; (3) knowledge by the defendant that the child pornography depicted at least one minor who was an actual rather than a virtually created minor; and (4) knowledge by the defendant that he possessed child pornography.

In her statement to the United States District Court, the Assistant United States Attorney prosecuting the respondent asserted that the evidence would show beyond a reasonable doubt that:

> "on or about September 8, 2008 in Patterson, New York . . . the defendant did knowingly possess ap-

proximately 42 images containing child pornography on his computer and a thumb drive . . . Those images included images containing prepubescent minors and one image containing a sadistic or masochistic acts of behavior against the child. The government would also prove that the matter found on the defendant's thumb drive and computer was delivered in interstate commercial [sic] and that the defendant knew that the material he possessed was child pornography and that the materials depicted actual minors."

The respondent thereafter pleaded guilty to a violation of 18 USC § 2252A (a) (5) (B). The respondent admitted during his plea allocution that he "was in possession of computer files that contained images of child pornography that I knew to be child pornography that were obtained by the Internet and were on my computer." He further admitted that "at least one of the images . . . contained images of real children and not virtually depicted children," and that "one of the items contained a sadistic or masochistic act."

A violation of 18 USC § 2252A (a) (5) (B) is essentially similar to the New York State felony of possessing a sexual performance by a child, in violation of Penal Law § 263.16, a class E felony (see Matter of Lipton, 51 AD3d 207 [2008]; Matter of Samuels, 309 AD2d 7 [2003]; Matter of Kennedy, 301 AD2d 742 [2003]). Penal Law § 263.16 provides that "[a] person is guilty of possessing a sexual performance by a child when, knowing the character and content thereof, he knowingly has in his possession or control any performance which includes sexual conduct by a child less than sixteen years of age." Under Penal Law § 263.00 (4), "[p]erformance" is defined as "any play, motion picture, photograph or dance . . . [or] any other visual representation exhibited before an audience."

Inasmuch as the respondent's conviction under 18 USC § 2252A (a) (5) (B) is essentially similar to a conviction under Penal Law § 263.16, the respondent ceased to be an attorney and counselor-at-law upon his conviction of this felony pursuant to Judiciary Law § 90 (4).

Accordingly, the motion of the Grievance Committee for the Ninth Judicial District to now strike the respondent's name from the roll of attorneys and counselors-at-law is granted, without opposition, to reflect the respondent's disbarment, effective December 21, 2009.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and LEVENTHAL, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, the respondent, Robert R. Groezinger, admitted as Robert Reinhard Groezinger, is disbarred, effective December 21, 2009, and his name is now stricken from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, Robert R. Groezinger, admitted as Robert Reinhard Groezinger, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Robert R. Groezinger, admitted as Robert Reinhard Groezinger, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Robert R. Groezinger, admitted as Robert Reinhard Groezinger, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).