[996 NYS2d 283]

In the Matter of Edward M. De Sear (Admitted as Edward Marshal De Sear), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, December 4, 2014

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Edward M. De Sear*, respondent pro se, no appearance.

## OPINION OF THE COURT

Per Curiam.

Respondent Edward M. De Sear was admitted to the practice of law in the State of New York by the First Judicial Department on March 25, 1974, under the name Edward Marshal De Sear. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Department.

On December 19, 2013, respondent pleaded guilty in the United States District Court for the District of New Jersey to one count of sex trafficking of a child (18 USC § 1591 [a] [1]; [b] [1]) and four counts of distribution of child pornography (18 USC § 2252A [a] [2] [A]). On the same date, he was sentenced to 210 months (17½ years) in prison, fined $25,000, directed to pay $1.2 million in restitution to his victims, placed on supervised release for life upon his release from prison, and required to pay a $500 assessment and register as a sex offender.

By notice of petition dated August 13, 2014, the Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), on the grounds that he was convicted of a felony as defined by Judiciary Law § 90 (4) (e), namely, distribution of child pornography (18 USC § 2252A [a] [2] [A]), and has therefore been automatically disbarred. Respondent, who is incarcerated, was served with the Committee's petition but has not submitted a response.

The Committee contends that "automatic" disbarment is warranted here because respondent's federal conviction for distribution of child pornography would constitute the New York felony of possessing a sexual performance by a child (Penal Law § 263.16).

A conviction of a federal felony does not trigger automatic disbarment, no matter how serious the felony is, unless the

federal felony at issue would constitute a felony under New York Penal Law (Judiciary Law § 90 [4] [e]; *Matter of Rosenthal*, 64 AD3d 16, 18 [1st Dept 2009]).

For a determination that a federal felony has a New York analogy, the federal felony does not have to be a "mirror image" of a New York felony, but must be "essentially similar" (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]). If a comparison of the language of the applicable federal and state felony statutes is inconclusive, "essential similarity" can be established by, among other things, admissions made under oath during a plea allocution, read in conjunction with the indictment or information (*see e.g. Matter of Adams*, 114 AD3d 1, 2-3 [1st Dept 2013]; *Matter of Philwin*, 108 AD3d 129, 132 [1st Dept 2013]; *Matter of Sorin*, 47 AD3d 1, 3 [1st Dept 2007]).

18 USC § 2252A is violated by: "(a) Any person who . . . (2) knowingly receives, or distributes . . . (A) any child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer . . . ."

The superceding information to which respondent pleaded guilty alleged, in pertinent part:

> "[o]n several occasions, beginning as early as on or about May 28, 2010, [respondent] used the [Peer-to-Peer File Sharing Program (P2P)] to distribute video and image files depicting child pornography to members of his P2P network, by designating these child pornography files as shared files and thereby making them available for download by his network of 'friends' on the P2P Program. It was pursuant to this file sharing that [respondent] distributed child pornography to undercover law enforcement agents . . . ."

New York Penal Law § 263.16 provides:

> "[a] person is guilty of possessing a sexual performance by a child when, knowing the character and content thereof, *he knowingly has in his possession or control*, or knowingly accesses with intent to view, *any performance which includes sexual conduct by a child less than sixteen years of age*.
>
> "Possessing a sexual performance by a child is a class E felony" (emphasis added).

Under Penal Law § 263.00 (4), "[p]erformance" is defined as "any play, motion picture, photograph or dance . . . [or] any other visual representation exhibited before an audience."

The prosecutor asserted that had the case proceeded to trial, the government would have been able to prove that the "images and videos containing child pornography that [respondent] distributed depicted actual children under the age of 18 who were engaged in sexually explicit conduct."

Although the statutory provisions at issue are facially dissimilar in that 18 USC § 2252A (a) (2) (A) relates to the *distribution* of child pornography whereas Penal Law § 263.16 relates to the *possession* of child pornography (*see e.g. Matter of Briggs*, 115 AD3d 1149 [3d Dept 2014] [federal conviction under 18 USC § 2252A (a) (2) (A) for *receipt* of child pornography found *not* "essentially similar" to conviction under former Penal Law § 263.16 for purposes of automatic disbarment; deemed a "serious crime"]), we find that receipt of child pornography equates with possession thereof.

Notably, federal convictions for *possession* of child pornography (18 USC § 2252A [a] [5] [B]) have been found to be "essentially similar" to a New York conviction under Penal Law § 263.16 (*see e.g. Matter of Groezinger*, 77 AD3d 117 [2d Dept 2010] [automatic disbarment based on federal conviction for possession of child pornography]; *Matter of Lipton*, 51 AD3d 207 [2d Dept 2008] [same]).

Here, respondent was convicted of *distribution* of child pornography and during his plea allocution he admitted that he was in *possession* of computer files that he knew to contain images of child pornography, which he distributed via the Internet. Therefore, respondent's sworn plea admissions, read in conjunction with the superceding information to which he pleaded guilty, makes his conviction under 18 USC § 2252A (a) (2) (A) "essentially similar" to a New York felony conviction under Penal Law § 263.16. Thus, we find that automatic disbarment pursuant to Judiciary Law § 90 (4) (b) is warranted in this instance.

Accordingly, the Committee's petition should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law § 90 (4) (b), effective nunc pro tunc to December 19, 2013.

GONZALEZ, P.J., SAXE, RICHTER, FEINMAN and KAPNICK, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to December 19, 2013.