[39 NYS3d 26]

In the Matter of CLAY R. SERENBETZ, a Disbarred Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 13, 2016

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Lawrence S. Goldman*, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Clay R. Serenbetz was admitted to the practice of law in the State of New York by the First Judicial Department on October 11, 1995. At all times relevant herein, respondent maintained a registered address within the Second Judicial Department.

On June 6, 2015, respondent pleaded guilty in the United States District Court for the District of Nevada to a felony—namely, possession of child pornography in violation of 18 USC § 2252A (a) (5) (B). On December 4, 2015, respondent was sentenced to 41 months of imprisonment and 20 years of supervised release. Further, respondent was directed to pay a $50,000 fine and $2,000 in restitution. Respondent was also ordered to forfeit his laptop computer, and was required to register as a sex offender. Respondent's conviction was predicated on his use of a file sharing program whereby, over a period of 33 days, between May 9 and June 11, 2012, he downloaded to his personal computer 52 pictures and 58 videos of child pornography, including images of children under 12 years of age.

The Departmental Disciplinary Committee (Committee) now seeks an order striking respondent's name from the roll of attorneys under Judiciary Law § 90 (4) (b) on the grounds that he was convicted of a felony as defined by Judiciary Law § 90 (4) (e); namely, possession of child pornography (18 USC § 2252A [a] [5] [B]), and has therefore been automatically disbarred. In the alternative, the Committee seeks an order determining that the crime of which respondent was convicted is a "serious crime" (Judiciary Law § 90 [4] [d]; Rules of App Div, 1st Dept [22 NYCRR] § 603.12 [b]); immediately suspending him from the practice of law (Judiciary Law § 90 [4] [f]); and directing respondent to show cause before a referee or hearing panel why a final order of censure, suspension, or disbarment should not be made (Judiciary Law § 90 [4] [g]).

Respondent's plea admissions that he "had possession of a computer" and he "had a picture of a minor engaged in sexu-

ally explicit conduct," read in conjunction with the information to which he pleaded guilty, and his counsel's concessions at the sentence hearing, corresponds to the New York felony of possessing a sexual performance by a child (Penal Law § 263.16), and therefore is a proper predicate for automatic disbarment under Judiciary Law § 90 (4) (b) and (e) (*see Matter of Groezinger*, 77 AD3d 117 [2d Dept 2010]; *Matter of Lipton*, 51 AD3d 207 [2d Dept 2008]; *cf. People v Kent*, 19 NY3d 290 [2012]).

Accordingly, the Committee's petition should be granted to the extent of striking respondent's name from the roll of attorneys and counselors-at-law in the State of New York under Judiciary Law § 90 (4) (b), effective nunc pro tunc to his June 6, 2015 date of conviction.

The per curiam decision and order of this Court entered on March 15, 2016 (138 AD3d 167 [2016]; 2016 NY Slip Op 67104[U] [2016]) are recalled and vacated.

RENWICK, J.P., ANDRIAS, SAXE, MOSKOWITZ and RICHTER, JJ., concur.

Reargument granted and, upon reargument, the decision and order of this Court entered on March 15, 2016 (138 AD3d 167 [2016]; 2016 NY Slip Op 67104[U] [2016]) recalled and vacated and a new decision and order substituted therefor.