Matter of Duffy (2018 NY Slip Op 00929)





Matter of Duffy


2018 NY Slip Op 00929


Decided on February 8, 2018


Appellate Division, First Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick,Justice Presiding,
Rosalyn H. Richter
Salli Manzanet-Daniels
Angela M. Mazzarelli
Richard T. Andrias,Justices.


&em;

[*1]In the Matter of Edmund C. Duffy, (admitted as Edmund Charles Duffy), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Edmund Charles Duffy, (OCA Atty. Reg. No. 1181015) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Edmund C. Duffy, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on May 5, 1967.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner.
Lankler Siffert & Wohl, (John R. Wing, Esq, of counsel, for respondent.



PER CURIAM


Respondent Edmund C. Duffy was admitted to the practice of law in the State of New York by the Second Judicial Department on May 5, 1967, under the name Edward Charles Duffy. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Department.
On January 20, 2017, respondent pleaded guilty in the United States District Court for the Southern District of New York to possession of child pornography in violation of 18 USC §§ [*2]2252A(a)(5)(B),(b)(2), and 2, a felony. Respondent's conviction was predicated on his use of a file sharing program whereby, over a period of approximately five years, he downloaded images of child pornography to his personal computer. On June 27, 2017, respondent was sentenced to a term of probation of five years and ordered to pay $9,000 in restitution, forfeit $256,000, perform 1,800 hours of community service, participate in a computer internet monitoring program and register as a sex offender.
The Attorney Grievance Committee now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90(4)(a) and (b) and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12(c)(1), on the grounds that he was convicted of a felony as defined by Judiciary Law
§ 90(4)(e), and has therefore been automatically disbarred. In the alternative, the Committee seeks an order determining that the crime of which respondent was convicted is a "serious crime" (Judiciary Law § 90[4][d]), immediately suspending him from the practice of law (Judiciary Law § 90[4][f]), and directing respondent to show cause before a referee as to why a final order of censure, suspension or disbarment should not be made (Judiciary Law § 90[4][g]). Respondent, through his attorneys, consents to the striking of his name from the roll of attorneys.
Respondent's plea admissions that he "knowingly possessed, and accessed on [his] computer, some images [he knew] constituted child pornography, the possession of which violates federal law, and [] underst[oo]d that these images were transported in interstate commerce by computer," read in conjunction with the information to which he pleaded guilty, corresponds to the New York felony of possessing a sexual performance by a child (Penal Law § 263.16). Inasmuch as respondent's conviction under 18 USC § 2252A(a)(5)(B) is essentially similar to a conviction under Penal Law § 263.16, it is a proper predicate for automatic disbarment under Judiciary Law § 90(4)(b) and (e) and respondent ceased to be an attorney and counselor-at-law upon his conviction of that felony (see Matter of Serenbetz, 144 AD3d 21, 23 [1st Dept 2016]; Matter of Groezinger, 77 AD3d 117, 119 [2d Dept 2010]; Matter of Lipton, 51 AD3d 207, 209 [1st Dept 2008]).
Accordingly, the Committee's petition should be granted to the extent of striking respondent's name from the roll of attorneys and counselors-at-law in the State of New York under Judiciary Law § 90(4)(b), effective nunc pro tunc to his January 20, 2017 date of conviction.
All concur.
Order filed. [February 8, 2018]
Renwick, J.P., Richter, Manzanet-Daniels, Mazzarelli, Andrias, JJ.
Petition is granted, respondent is disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to January 20, 2017. Opinion Per Curiam. All concur.