Matter of Cooney (2022 NY Slip Op 02407)

Matter of Cooney

2022 NY Slip Op 02407

Decided on April 13, 2022

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.

2021-09624

[*1]In the Matter of John Robert Cooney, an attorney and counselor-at-law. (Attorney Registration No. 2609592)

MOTION by the Grievance Committee for the Tenth Judicial District to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), upon his conviction of a felony. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 2, 1994.

Catherine A. Sheridan, Hauppauge, NY (Nancy B. Gabriel of counsel), for the Grievance Committee for the Tenth Judicial District.

PER CURIAM.

OPINION & ORDER
On March 15, 2021, respondent pleaded guilty in the United States District Court for the Middle District of Florida, Orlando Division, to one count of knowingly receiving or distributing child pornography using any means or facility of interstate or foreign commerce, a class C felony, in violation of 18 USC § 2252A(a)(2) and (b)(1). In his plea agreement, the respondent admitted that he knowingly received images of child pornography depicting minors through an internet application and owned various devices that stored hundreds of images and videos of child pornography, some of which depicted children under the age of five. On July 26, 2021, the respondent was sentenced to, inter alia, a term of imprisonment of 144 months, followed by 15 years of supervised release, and was directed to pay a special assessment of $100. Any fine and cost of imprisonment were waived.
The Grievance Committee for the Tenth Judicial District now moves to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), based upon his conviction of a felony.
Pursuant to Judiciary Law § 90(4)(a), "[a]ny person being an attorney and counselor-at-law who shall be convicted of a felony as defined in paragraph e of this subdivision, shall upon such conviction, cease to be an attorney and counselor-at-law." Judiciary Law § 90(4)(e) provides that:
"[f]or purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."
A felony committed in another jurisdiction need not be a mirror image of a New York felony, but it must have "essential similarity" (Matter of Margiotta, 60 NY2d 147, 150).
The Grievance Committee contends that a violation of 18 USC § 2252A(a)(2) is [*2]essentially similar to the New York State felony of possessing a sexual performance by a child, in violation of Penal Law § 263.16, a class E felony. Pursuant to 18 USC § 2252A(a)(2), a person is guilty of knowingly receiving or distributing child pornography using any means or facility of interstate or foreign commerce, when he or she knowingly receives or distributes:
"(A) any child pornography using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; or
"(B) any material that contains child pornography using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer."
By comparison, Penal Law § 263.16 provides:
"A person is guilty of possessing a sexual performance by a child when, knowing the character and content thereof, he [or she] knowingly has in his [or her] possession or control . . . any performance which includes sexual conduct by a child less than sixteen years of age."
Under Penal Law § 263.00(4), "performance" is defined as "any play, motion picture, photograph or dance . . . any other visual representation exhibited before an audience."
Although the statutory provisions at issue are technically dissimilar in that 18 USC § 2252A(a)(2) relates to the receipt of child pornography whereas Penal Law § 263.16 relates to the possession of child pornography, we conclude that the receipt of child pornography is essentially similar to the possession thereof (see Matter of De Sear, 124 AD3d 139). Further, the respondent admitted in his plea agreement that he knowingly received images of child pornography depicting minors through an internet application, and that he received, downloaded, and stored images of child pornography on various devices that he owned, thereby satisfying both receipt and possession.
By virtue of his federal felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90(4)(a).
Accordingly, the Grievance Committee's unopposed motion to strike the respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted to reflect the respondent's disbarment as of March 15, 2021.
LASALLE, P.J., DILLON, DUFFY, BARROS, and BRATHWAITE NELSON, JJ., concur.
ORDERED that the Grievance Committee's motion to strike the name of the respondent, John Robert Cooney, from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4), is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, John Robert Cooney, is disbarred, effective March 15, 2021, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90(4)(b); and it is further,
ORDERED that the respondent, John Robert Cooney, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, John Robert Cooney, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, John Robert Cooney, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court