Matter of Jimenez (2023 NY Slip Op 00032)

Matter of Jimenez

2023 NY Slip Op 00032

Decided on January 05, 2023

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 05, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick,J.P.,
Troy K. Webber
Anil C. Singh
Saliann Scarpulla
Manuel J. Mendez, JJ.

Motion No. 2022-03769/2022-04431 Case No. 2022-04221 

[*1]In the Matter of Michael A. Jimenez (Admitted as Michael Alan Jimenez), an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Michael A. Jimenez, (OCA Atty. Reg. No. 4265484) Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on October 25, 2004.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Raymond Vallejo, of counsel), for petitioner.
Robert J. De Groot, Esq., for respondent.

Per Curiam 

Respondent Michael A. Jimenez was admitted to the practice of law in the State of New York by the First Judicial Department on October 25, 2004, under the name Michael Alan Jimenez. Respondent maintains a registered address within the First Department.
On November 30, 2021, respondent was convicted, upon his plea of guilty, in the Superior Court of New Jersey of endangering the welfare of a child (possession of child sexual exploitation/abuse material, 100 or more items — third degree), in violation of New Jersey Statutes § 2C:24-4b(5)(b)(iii). On February 18, 2022, respondent was sentenced to two years' probation, as a condition of which he was to, inter alia, continue in clinical psychosexual treatment and not have any unsupervised contact with minors under the age of 18 years old. The sentencing court also imposed $905 in mandatory assessments and fines.
Respondent's conviction stemmed from his having been found in possession of child pornography in 2016. The superseding indictment to which respondent pleaded guilty charged him with possessing, viewing, or controlling 100 or more items depicting the sexual exploitation of a child, as defined by New Jersey Statutes § 2C:24-4b(1). In his plea allocution, respondent admitted to knowingly possessing 100 or more images, videos, or other materials commonly referred to as child pornography. Respondent admitted that these images and videos depicted children engaged in sexual intercourse. Neither the superseding indictment nor respondent's plea allocution states the age of any child in the images, videos, or other materials.
Now, the Attorney Grievance Committee seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90(4)(a) and (b) and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12(c)(1), on the grounds that he was convicted of a felony as defined by Judiciary Law § 90(4)(e), and has therefore been automatically disbarred. In the alternative, the Committee requests that respondent's conviction be deemed a "serious crime" (Judiciary Law §90[4][d]), he be immediately suspended (Judiciary Law § 90[4][f]), and this matter be referred for a sanction hearing (Judiciary Law § 90[4][g]). By cross motion, respondent opposes the request for an automatic disbarment and requests a hearing with no interim suspension.
Judiciary Law § 90(4) provides for the automatic disbarment of an attorney convicted of a "felony," which is defined as "any criminal offense committed in any other state . . . classified as a felony therein which if committed within this state, would constitute a felony in this state" (Judiciary Law § 90[4][e]; see e.g. Matter of Rosenthal, 64 AD3d 16, 18 [1st Dept 2009]). An offense that is a felony in another state, but would not be a felony if committed in New York, is a "serious crime" (Judiciary Law § 90[4][d]).
For [*2]a determination that an out of state felony would be a felony in New York, the out of state felony does not have to be a "mirror image" of a New York felony but must be "essentially similar" (Matter of Margiotta, 60 NY2d 147, 150 [1983]). This Court begins its determination by comparing the language of the applicable felony statutes, as well as an examination of its own precedent pertaining to the out of state felony at issue. If this initial analysis is inconclusive, "essential similarity" can be established by admissions made under oath during a plea allocution or evidence adduced at trial, read in conjunction with the indictment or information (see e.g. Matter of Fengling Liu, 153 AD3d 45 [1st Dept 2017]); Matter of Adams, 114 AD3d 1, 2-3 [1st Dept 2013]; Matter of Simels, 94 AD3d 108 [1st Dept 2012]).
Although not referred to as such under New Jersey law, a third-degree crime in New Jersey is considered an out-of-state felony for purposes of Judiciary Law § 90(4) (see Matter of Chianese, 269 AD2d 87, 89 [1st Dept 2000]). The criminal statute pursuant to which respondent pled guilty, New Jersey Statutes § 2C:24-4b(5)(b)(iii), is violated when a person "knowingly possesses, knowingly views, or knowingly has under his control, through any means, including the Internet, less than 1,000 items depicting the sexual exploitation or abuse of a child." A "child" is defined as "any person under 18 years of age" (NJ Stat § 2C:24-4b[1]). The closest New York felony, Penal Law § 263.16, provides:
"[a] person is guilty of possessing a sexual performance by a child when, knowing the character and content thereof, he knowingly has in his possession or control, or knowingly accesses with intent to view, any performance which includes sexual conduct by a child less than sixteen years of age" (emphasis added).
This Court has not previously compared the two statutes at issue. Although both statutes proscribe the possession of child pornography, the New Jersey statute defines a child as "any person under 18 years of age," whereas Penal Law § 263.16 prohibits depictions of sexual conduct "by a child less than sixteen years of age." Thus, the two statutes are facially dissimilar (see Matter of Zeas, 178 AD3d 66, 68 [1st Dept 2019]; Simels, 94 AD3d at 111-112).
When an attorney possesses at least one image depicting a child under the age of 16, both this Court and the Second Department have found a federal conviction relating to child pornography [FN1] essentially similar to a conviction under Penal Law § 263.16 (see Matter of Serenbetz, 144 AD3d 21, 22-23 [1st Dept 2016]; Matter of Cooney, 205 AD3d 65, 66-68 [2d Dept 2022]; Matter of Groezinger, 77 AD3d 117, 118-119 [2d Dept 2010]; Matter of Lipton, 51 AD3d 207, 208-209 [2d Dept 2008]). Thus, if the record established that at least one image depicted a child under the age of 16 years, respondent would be automatically disbarred. No evidence in the record, however, refers to the age of any child depicted in respondent's [*3]images.
We have not previously addressed whether, in the absence of any such evidence, a child pornography statute with an age threshold of 18 is essentially similar to Penal Law § 263.16. Although we have previously found essential similarity without referring to the children's age, we did so on the basis of plea admissions in conjunction with the charging documents (see Matter of Duffy, 159 AD3d 98, 100 [1st Dept 2018]; Matter of De Sear, 124 AD3d 139, 142 [1st Dept 2014]). The issue before us was not whether the two convictions were essentially similar despite the difference in age threshold.[FN2]
Here, unlike in Duffy and De Sear, the indictment and guilty plea do not supply the missing element for essential similarity (see Matter of Mahoney, 3 AD3d 197, 199-200 [1st Dept 2004]). On the limited record before us, we cannot find that respondent's offense would constitute a felony if committed in New York.
Accordingly, the Committee's motion should be granted to the extent of finding that respondent has been convicted of a "serious crime," and respondent is immediately suspended from the practice of law pursuant to Judiciary Law § 90(4)(f) and 22 NYCRR 1240.12(c)(2)(ii).[FN3] Pursuant to Judiciary Law § 90(4)(g) and (h) and 22 NYCRR 1240.12(c)(2)(i) and (iv), respondent is directed to show cause before a referee appointed by this Court — who shall hold a hearing and issue a report and recommendation to this Court — why a final order of censure, suspension, or disbarment should not be made.
All concur.
IT IS ORDERED that the Attorney Grievance Committee's motion to deem the offense of which respondent, Michael A. Jimenez, admitted as Michael Alan Jimenez, has been found guilty to be a "serious crime" within the meaning of Judiciary Law § 90(4)(f) and 22 NYCRR 1240.12(c)(2)(ii) is granted, and respondent Michael A. Jimenez, admitted as Michael Alan Jimenez, is suspended from the practice of law effective the date hereof, until such time as pending disciplinary matters have been concluded, and until further order of this Court; and
IT IS FURTHER ORDERED that the cross motion of respondent, Michael A. Jimenez, admitted as Michael Alan Jimenez, for an order setting aside any interim suspension imposed by this Court and, to the extent a Referee is appointed, limiting the sanction to be recommended by such Referee to one short of suspension or disbarment, is denied; and
IT IS FURTHER ORDERED that, pursuant to Judiciary Law § 90, during the period of suspension, respondent Michael A. Jimenez admitted as Michael Alan Jimenez, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law[*4]; and
IT IS FURTHER ORDERED that, during the period of suspension, respondent Michael A. Jimenez, admitted as Michael Alan Jimenez, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
IT IS FURTHER ORDERED that pursuant to Judiciary Law § 90(4)(g) and (h) and 22 NYCRR 1240.12(c)(2)(i) and (iv), respondent Michael A. Jimenez, admitted as Michael Alan Jimenez, is directed to show cause at a hearing before the referee appointed herein, why a final order of censure, suspension, or disbarment should not be made based on his conviction of a serious crime as defined in Judiciary Law § 90(4)(d); and
IT IS FURTHER ORDERED that Mark J. Fitzmaurice, Esq., 15 Chester Avenue, White Plains, NY 10601, Telephone 914-437-9057, mfitzwalsh&commat;optonline.net, is appointed as Referee to hold the hearing, and to issue a report and recommendation to this Court, with the report to be submitted within 60 days of the conclusion of the hearing or the submission of post-hearing memoranda.
Entered: January 5, 2023

Footnotes

Footnote 1: Like the New Jersey statute at issue, federal law defines child pornography as certain material depicting a person under the age of 18 years (see 18 USC §§ 2252A, 2256[1], 2256[8]).

Footnote 2: In De Sear, the issue was whether distribution was essentially similar to possession (see 124 AD3d at 142). In Duffy, no issues were litigated because respondent consented to disbarment (159 AD3d at 99).

Footnote 3: We do not find that a suspension would be inconsistent with the maintenance of the integrity and honor of the profession, the protection of the public, and the interest of justice.