Matter of Royle (2024 NY Slip Op 05896)

Matter of Royle

2024 NY Slip Op 05896

Decided on November 26, 2024

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 26, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Peter H. Moulton
Justice Presiding
David Friedman Barbara R. Kapnick Lizbeth González Manuel Mendez
Justices.

Motion No. 2024-01087 Case No. 2024-01384 

[*1]In the Matter of George Royle, A Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, George Royle (OCA Atty. Reg. No. 4113692), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, George Royle, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on January 13, 2003.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York (Raymond Vallejo, of counsel), for petitioner.
Respondent pro se.

Per Curiam 

Respondent George Royle was admitted to the practice of law in the State of New York by the First Judicial Department on January 13, 2003. Respondent was suspended on November 17, 2022, for failing to register with the Office of Court Administration, in violation of Judiciary Law 468-a. Respondent has not applied for reinstatement and remains suspended. At all times relevant to his proceeding, respondent maintained a law office within the State of Maine. This Court retains jurisdiction over him as the Judicial Department in which he was admitted to practice (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7 [a][2]).
On January 23, 2020, a jury in the United States District Court for the District of Maine found respondent guilty of possession of/access with intent to view child pornography, in violation of 18 USC § 2252A (a)(5)(B) and 2252A (b)(2). Respondent was convicted of using a computer to possess hundreds of images of child pornography. On November 24, 2020, he was sentenced to 32 months in prison, and ordered to pay an assessment of $100 to register as a sex offender.
By notice of petition dated March 1, 2024, the Attorney Grievance Committee (AGC) moved to strike respondent's name from the roll of attorneys in accordance with Judiciary Law § 90 (4)(b), on the grounds that he was convicted of a felony as defined by Judiciary Law § 90 (4)(e) and has been automatically disbarred. The AGC argues that automatic disbarment is warranted because respondent's conviction for distribution of child pornography, if rendered in New York, would constitute the New York felony of possessing a sexual performance by a child under New York Penal Law § 263.16.
Respondent, who is incarcerated, is self-represented. He was served with the AGC's petition and, by way of opposition, averred that he did not have access to legal research materials and could not meaningfully research whether his conviction was similar to New York statutes. He accordingly seeks an adjournment until the summer or fall of 2025, at which time he anticipates being released to a halfway house, so he can "meaningfully participate" in this proceeding. Respondent contends that he is remorseful, taking measures to address his pornography addiction, and stopped practicing law in July 2015 when a search warrant was executed at his home.
Judiciary Law § 90 (4)(a) states that any attorney "convicted of a felony . . . shall upon such conviction[*2], cease to be an attorney and counselor-at-law." According to Judiciary Law § 90 (4)(e), "any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state." Automatic disbarment is triggered when the federal felony at issue constitutes a felony under New York Penal Law (see Matter of Rosenthal, 64 AD3d 16, 18 [1st Dept 2009]). The federal and New York felonies do not need to be a "mirror image" of each other, but they must be "essentially similar" (Matter of Margiotta, 60 NY2d 147, 149, 150 [1983]).
Respondent was found guilty because he knowingly possessed and accessed with intent to view, and attempted to possess and access with intent to view, material containing images of child pornography that were transported in and affecting interstate commerce by computer, in violation of 18 USC § 2252A (a)(5)(B) and (b)(2). In New York, Penal Law § 263.16 provides that "[a] person is guilty of possessing a sexual performance by a child when, knowing the character and content thereof, he knowingly has in his possession or control, or knowingly accesses with intent to view, any performance which includes sexual conduct by a child less than sixteen years of age."
We previously determined that 18 USC § 2252A (a)(5)(B) is essentially similar to the New York felony of possessing a sexual performance by a child (Penal Law § 263.16; see Matter of Serenbetz, 144 AD3d 21, 23-24 [1st Dept 2016]). In this case, the federal indictment, read in conjunction with the trial evidence, provides a proper predicate for automatic disbarment in accordance with Judiciary Law § 90 (4)(b).
Accordingly, respondent's request for an adjournment is denied and the AGC's petition should be granted, and respondent's name stricken from the roll of attorneys, nunc pro tunc to January 23, 2020.
All concur.
Wherefore, it is Ordered that the Attorney Grievance Committee for the First Department's motion for an order pursuant to Judiciary Law § 90(4)(b) disbarring respondent, George Royle, is granted, and his name stricken from the roll of attorneys in the State of New York, effective nunc pro tunc to January 23, 2020, and respondent's request for an adjournment is denied,
It is further Ordered that, pursuant to Judiciary Law § 90, respondent George Royle, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, respondent George Royle, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR [*3]1240.15), which are made part hereof; and
It is further Ordered that if respondent, George Royle, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: November 26, 2024