Matter of Weisenberg (2025 NY Slip Op 03974)

Matter of Weisenberg

2025 NY Slip Op 03974

Decided on July 01, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 01, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Peter H. Moulton
Justice Presiding

Motion No. 2025-02274|Case No. 2025-02392|

[*1]In the Matter of Ronald Barry Weisenberg an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Ronald Barry Weisenberg (OCA Atty Reg. 3051844), Respondent.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York (Raymond Vallejo, of counsel), for petitioner.
Respondent, pro se.

Per Curiam 

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Ronald Barry Weisenberg, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on May 16, 2000.

 Respondent Ronald B. Weisenberg was admitted to the practice of law in the State of New York by the Third Judicial Department on May 16, 2000, under the name Ronald Barry Weisenberg.[FN1] At all times relevant to this proceeding, respondent maintained a registered address in the First Judicial Department.[FN2]
On October 23, 2024, respondent was convicted, upon his plea of guilty, inSupreme Court, New York County, of Promoting a Sexual Performance by a Child inviolation of Penal Law § 263.15, a class D felony. Subsequently, respondentwas sentenced to a 10-year term of probation and was required to register as a sexoffender. Respondent's conviction stemmed from his conduct on or about December 6, 2023, when, knowing the character and content thereof, he promoted a performance, which includes sexual contact by a child less than 17 years old, through his use of a computer program called BitTorrent.
Now, by motion dated April 18, 2025, the Attorney Grievance Committee (AGC)seeks an order, pursuant to Judiciary Law § 90 (4) (a) and (b) and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12 (c) (1), striking respondent's name from the roll of attorneys and counselors-at law in the State of New York on the ground that he has been convicted of a felony as defined by Judiciary Law § 90 (4) (e), that is, his October 23, 2024, conviction for promoting a sexual performance by a child, and, thus, was automatically disbarred by operation of law as of the date thereof. The AGC maintains that respondent has been automatically disbarred by operation of law because of his New York felony conviction (see e.g. Matter of Trubitsky, — AD3d &mdash, 2025 NY Slip Op 02649, *1 [1st Dept 2025]; Matter of Cohen, 227 AD3d 18, 20 [1st Dept 2024]; Matter of Reich, 206 AD3d 22, 24 [1st Dept 2022]; Matter of Samuels, 309 AD2d 7, 8 [1st Dept 2003]).
Respondent does not oppose the motion. By his affirmation dated May 12, 2025, respondent states, inter alia, that his conviction "stemmed from the use of a filesharing method (Torrent) which automatically made illicit content accessible to others upon download" but "that [he] did not knowingly sell, share, or distribute this material to others"; his "behavior was influenced by unresolved trauma and emotional dysfunction that [he] had not previously addressed" but took steps to address after his arrest through "intensive individual therapy"; he has "also participated in family therapy, which has [*2]been vital to rebuilding trust with [his] wife and son"; he is "deeply sorry for the possibility that, by viewing such material, [he] may have contributed in any way to the continued exploitation perpetuated by its creators"; and he "hope[s] to demonstrate through sustained humility, service, and lawful conduct that [he is] worthy of a second chance."
We find that respondent should be deemed disbarred by operation of law as of the date of his conviction, as "the statutory language of Judiciary Law § 90 (4) (a) clearly provides that automatic disbarment is self-executing and occurs at the time of conviction of a felony" (Matter of Reich, 206 AD3d at 24).
Accordingly, the AGC's motion should be granted, respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to October 23, 2024 (date of conviction), and until further order of this Court.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department, for an order pursuant to Judiciary Law 90(4)(a) and 22 NYCRR 1240.12(c)(1), disbarring respondent Ronald Barry Weisenberg, is granted, and respondent is disbarred and his name stricken from the roll of attorneys in the State of New York, effective nunc pro tunc to October 23, 2024, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, respondent, Ronald Barry Weisenberg, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, respondent, Ronald Barry Weisenberg, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Ronald Barry Weisenberg, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: July 1, 2025

Footnotes

Footnote 1: Respondent appears pro se. 

Footnote 2: According to OCA records, respondent's attorney registration is delinquent for the 2024-25 biennial period.